## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CASE NO.:

**EDUARDO CALVILLO,**
**an Individual**

      **Plaintiff,**

**v.**

**MEDICARE SOLUTIONS AND LEGACY**
**PLANNING LLC,**
**a Florida Limited Liability Company,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, EDUARDO CALVILLO, ("Plaintiff") files this Complaint against

Defendant, MEDICARE SOLUTIONS AND LEGACY PLANNING LLC,

("Defendant"), and states as follows:

## INTRODUCTION

1.  Plaintiff brings this action pursuant the Americans with Disabilities

Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights

Act ("FCRA") to recover from Defendant back pay, other monetary damages,

equitable relief, front pay, declaratory relief, compensatory damages, punitive

damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3.     This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Plaintiff worked for Defendant in Hillsborough County, Florida, and this venue is therefore proper.

6.     Defendant is a Florida Limited Liability Company that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

7.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant

8.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work

environment as a result of his disability or "perceived disability," and his request for reasonable accommodation.

9.     Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

10.     On or around October 22, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11.     More than 180 days have passed since the filing of the Charge of Discrimination.

12.     On or around September 9, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his federal claims within 90 days of his receipt of the same.

13.     On or around October 1, 2025, the FCHR issued a Notice of States Rights against Defendant, giving Plaintiff the right to bring a civil action on his state claims within one year of his receipt of the same.

14.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

15.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.    Plaintiff worked for Defendant as an Agent from July 31, 2023, until his unlawful and retaliatory termination on January 4, 2024.

17.    Unfortunately, in September of 2023, Plaintiff tore his Achilles tendon, and had to undergo surgery to repair his lower leg.

18.    This injury affected Plaintiff's ability to perform major life activities, including, but not limited to, the ability to drive.

19.    Plaintiff's medical advisors stated that Plaintiff was looking at a six (6) month recovery and provided a note stating that Plaintiff was unable to drive or come to the office and recommended that Plaintiff work from home during his recovery..

20.    Plaintiff disclosed this disability to his Supervisors, leading him to request the reasonable accommodation to work from home, as well as intermittent absences in order to attend physical therapy appointments to recover from his disability.

21.    Defendant initially granted Plaintiff the accommodation of working from home during his recovery, so that he would not take a medical leave of absence.

22.    However, Defendant was not so forgiving about Plaintiff's requests for time for physical therapy.

23.    Plaintiff went to physical therapy approximately twice per week.

24.    Despite providing a note from a medical provider for all of his physical therapy appointments, Defendant discriminated and retaliated against Plaintiff by stripping him of bonuses and pay.

25.    For instance, Defendant gave monetary bonuses for hitting certain metrics and performance benchmarks.

26.    Although Plaintiff would meet these performance benchmarks, Defendant refused to pay the bonus to Plaintiff due to his physical therapy appointments and work from home status.

27.    In December 2023, well before the expiration of Plaintiff's six (6) month rehabilitation and recovery from his disability, Defendant reversed its earlier position on Plaintiff's accommodation to work from home.

28.    Around December 8, 2023, Defendant's Supervisor, named Dalton, told Plaintiff to return to the office.

29.    On January 4, 2024, shortly after nullifying Plaintiff's accommodations, Defendant's Manager John Baker ("Mr. Baker") called Plaintiff to inquire about his return to the office.

30.    During this conversation, Plaintiff objected to Defendant's demand to return to the office, pointing to the doctor's note and stating that the accommodation

should remain in place because he was unable to get to the office, yet still performed his job tasks well.

31.    During this phone call, Mr. Baker informed Plaintiff that Defendant decided to terminate Plaintiff's employment, effective immediately.

32.    Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

33.    It is clear that Plaintiff's disability and request for accommodation/leave were seen as problematic to Defendant.

34.    Any other reason theorized by Defendant is mere pretext.

35.    Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

36.    Plaintiff, in fact, was performing the essential functions of his job, until Defendant decided to remove his accommodations.

37.    In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

38.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

39.     The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

40.     The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

41.     Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

42.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.

43.     Therefore, he is protected class member as envisioned by the ADA and the FCRA.

44.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

45.     Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

46.     Defendant did not have a good faith basis for its actions.

47.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

48.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

49.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

50.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE DISCRIMINATION

51.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9 through 12, 14 through 38, 40 through 44, 46, and 48 through 50, above.

52.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

53.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

54.    Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

55.    Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

56.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

58.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

59.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

60.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs

and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II:  DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE DISCRIMINATION

61.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 11, 13 through 38, 40 through 44, 46, and 48 through 50, above.

62.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

63.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

64.    Defendant was aware that the ADA requires Defendant to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

65.    Defendant failed to engage in this interactive process, and failed to accommodate Plaintiff.

66.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

68.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

69.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

70.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY

58.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 9 through 12, 14 through 37, 39, 41 through 43, and 45 through 50, above.

59.     Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

60.     Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61.     Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62.     Plaintiff's protected activity, and his termination, are causally related.

63.     Defendant's stated reasons for Plaintiff's termination are a pretext.

64.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY

68.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 9 through 12, 13 through 37, 39, 41 through 43, and 45 through 50, above.

69.    Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70.    Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71.    Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72.    Plaintiff's protected activity, and his termination, are causally related.

73.     Defendant's stated reasons for Plaintiff's termination are a pretext.

74.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76.     Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

14

DATED this 5th day of December, 2025.

Respectfully Submitted,

***/s/ Andres Kroboth***
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com

*Counsel for Plaintiff*